Citation Nr: 1755115 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 12-35 170 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for a cervical spine disability.


REPRESENTATION

Appellant represented by: AMVETS


ATTORNEY FOR THE BOARD

R. Maddox, Associate Counsel







INTRODUCTION

The Veteran served on active duty from March 1982 to July 2007.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia that denied service connection for a cervical spine disability.

In November 2010, the Veteran filed his notice of disagreement, was issued a statement of the case in October 2012, and in December 2012 perfected his appeal to the Board.

In March 2017, the Board remanded the claim for additional development, finding that the previous VA examination was inadequate as the examiner found limited range of motion, but concluded that the Veteran did not have a current cervical spine disability. Finding substantial compliance with the Board's remand directives, the appeal is now properly before the Board. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); see also Dyment v. West, 13 Vet. App. 141, 146-47 (1999) (holding that there was no Stegall (Stegall v. West, 11 Vet. App. 268 (1998)) violation when the examiner made the ultimate determination required by the Board's remand.)


FINDING OF FACT

The Veteran does not have a cervical spine disability that is etiologically related to his active service.






CONCLUSION OF LAW

The criteria for service connection for a cervical spine disability have not all been met. 38 U.S.C.A. §§ 1110, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran has contended that his cervical spine disability is due to his years of active duty service, stating that his first spasm occurred in March 2002 while deployed to help deliver and store munition trailers. He stated that he has painful motion when turning his head, suffers from monthly flare ups, and that the condition began in service and continues to this day.

The Veteran's wife stated that the Veteran was very active until he suffered injuries in 1994 and 1995, adding that he is unable to throw, run, or turn his head to the left or right due to his spasms, and right shoulder and quadriceps conditions.
 
Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"- the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Certain chronic diseases, including arthritis, may be presumed to have been incurred in or aggravated by service if manifest to a compensable degree within one year of discharge from service, even though there is no evidence of such disease during service. 38 U.S.C.A. §§ 1101, 1112, 1113, 1137 (2012); 38 C.F.R. §§ 3.307, 3.309 (2017).

Service treatment records document that the Veteran was treated for right shoulder symptoms diagnosed as possible rotator cuff tear vs chronic strain. There is no mention of a cervical spine injury or symptoms. March 2002 service treatment records show that the Veteran was seen for a muscle twinge and cramping in the left upper back after working out for which he was diagnosed with an upper back sports injury. There is no evidence of a diagnosis for a cervical spine or neck condition or attribution of his symptoms do a cervical spine condition.

June 2008 private treatment records show the Veteran complained of cervical spasm and was prescribed Flexeril to treat it.

November 2010 private treatment records show a complaint for a muscle spasm that had been ongoing for a week which the Veteran stated may have been caused by having slept wrong on his hand. The physician found that the Veteran had full range of motion, normal alignment, and no deformities. 

A June 2012 VA examination report, conducted by QTC, documents the Veteran's report of onset of his symptoms as in 1993 with the condition beginning in March 2002. The Veteran stated that pain began in his back on the right side, has spread to his neck and limits his range of motion when it flares up in both his back and neck. The examiner found normal range of motion, no pain or muscle spasms, normal strength, and no arthritis. He concluded that the Veteran's posture was within normal limits and opined that there was no cervical condition to warrant a diagnosis.

In March 2016, the Veteran was again afforded a VA examination. The Veteran stated that he has suffered chronic pain since his deployment in 2002. The examiner found the Veteran's X-rays were normal, noted no diagnosis or medical nexus to any event or time period on active duty, and opined the Veteran's condition was less likely than not incurred in or caused by claimed in service injury, event or illness. The examiner did document abnormal range of motion, pain exhibited on extension, right lateral flexion, left lateral flexion, and right lateral rotation, but did not provide a diagnosis for the Veteran's cervical spine disability.

May 2016 treatment records provided evidence of: mild reversal of the normal cervical lordosis, possibly secondary to neck flexion and/or muscle spasm; normal height and alignment of vertebral bodies; no acute fracture; normal disc spaces; and no significant uncovertebral joint hypertrophy or other degenerative changes.

An August 2016 MRI found: normal cervical alignment with the vertebral bodies normal in morphology; no suspicious marrow or disc signal abnormalities; normal imaged portion of the brain and visible surrounding soft tissue structures; and normal appearance of imaged portions of the spinal cord.

A March 2017 VA examination was conducted wherein the examiner concluded that the Veteran's cervical spine condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner noted that during the March 2016 VA examination, the Veteran reported pain on palpation of cervical paraspinal and trapezius bilaterally with mild reduction in his range of motion. There was no reported recent injury at the time of the examination, no evidence of any swelling, spasms, or objective physical abnormalities, and the Veteran's radiology examination was negative. The examiner concluded that for the examination findings from the March examination, a diagnosis of acute neck strain is appropriate, but also stated that there was no evidence to support the diagnosis of a chronic neck condition with medical nexus to active service. The examiner referenced the Veteran's private physician's diagnosis of "muscle pain" when the Veteran was treated for a muscle spasm in the neck and upper back with a prescription for ibuprofen and was told he did not need a muscle relaxer, noted that there were no further entries for chronic neck pain from that private physician, and found no evidence of a chronic disabling condition.

The Board finds that a preponderance of the evidence is against the Veteran's claim for service connection for a cervical spine condition. While the service treatment records show that he complained of a muscle spasm while in service, the evidence of record is silent as to any attribution of symptoms to his cervical spine in service, or for several years after discharge from service. Subsequent examinations found no degenerative changes, normal alignment, and no deformities. While the March 2016 VA examiner reported abnormal range of motion and pain on extension, right lateral flexion, left lateral flexion, and right lateral rotation, he subsequently diagnosed the Veteran's symptoms as acute neck strain, and concluded that the strain was unrelated to service.

The Board acknowledges the Veteran's contentions that his cervical spine disability is a result of delivering munitions trailers in service, but finds the March 2017 examination report to be the most probative evidence of record as to whether the Veteran's current disability is related to service. The examiner reviewed the Veteran's claims file, and provided a sound rationale to support his opinion. While the Veteran is competent to provide testimony or statements relating to symptoms or facts of events that he has observed and is within the realm of his personal knowledge, he is not competent to establish that which would require specialized knowledge or training, such as medical expertise. Layno v. Brown, 6 Vet. App. 465, 469-70 (1994). The record does not show, nor does the Veteran contend, that he has specialized education, training, or experience that would qualify him to render a diagnosis or a medical opinion on this matter. Although lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), the issue in this case is outside the realm of common knowledge of a lay person because it involves a complex medical issue that goes beyond a simple and immediately observable cause-and-effect relationship. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007).
 
As to the question of whether the Veteran's cervical spine disability may be presumptively service connected as a chronic disease, the evidence of record shows that arthritis was not diagnosed in service, and did not manifest to a compensable degree within one year of separation from service. Additionally, the Veteran's x-rays have been negative for arthritis. Therefore, presumptive service connection for chronic diseases is not for application.

For the reasons stated above, the Board finds that the preponderance of evidence is against the Veteran's claims of entitlement to service connection for cervical spine disability. Therefore, his appeal must be denied. There is no reasonable doubt to be resolved as to this issue. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. §§ 3.102, 4.3.


ORDER

Service connection for a cervical spine disability is denied.



____________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs